GLORIA BROWN, Appellant, *v.* WELSBACH CORPORATION, Sued as WELSBACH ST. LIGHTING CO. OF AMERICA, Respondent, et al., Defendants.

Argued May 23, 1950; decided July 11, 1950.

*Ralph Stout* for appellant. I. Upon the evidence the question of defendant's negligence (which resulted in the nuisance complained of) was one of fact which was properly submitted to the jury. (*McFarlane* v. *City of Niagara Falls*, 247 N. Y. 340; *Junkerman* v. *Tilyou Realty Co.*, 213 N. Y. 404; *Irvine* v. *Wood*, 51 N. Y. 224; *Boylhart* v. *Di Marco & Reimann, Inc.*, 270 N. Y. 217; *Ingersoll* v. *Liberty Bank of Buffalo*, 278 N. Y. 1; *Trimble* v. *City of New York*, 275 App. Div. 169; *Johnson* v. *Friel*, 50 N. Y. 679; *Brown* v. *German Rock Asphalt Co.* 236 N. Y. 271; *Hayman* v. *City of New York*, 163 App. Div. 195; *Carlock* v. *Westchester Lighting Co.*, 268 N. Y. 345; *Rosebrock* v. *General Elec. Co.*, 236 N. Y. 227.) II. Defendant's excavation in the sidewalk, which became and remained uncovered through defendant's negligence, constituted a public nuisance; and defendant, as the creator thereof, is liable for personal injuries sustained as a direct result thereof. (*Hine* v. *Aird-Don Co.*, 232 App. Div. 359; *Sullivan* v. *McManus*, 19 App. Div. 167; *McNulty* v. *Ludwig & Co.*, 153 App. Div. 206; *Cumberland Tel. & Tel. Co.* v. *Lawrence*, 271 F. 89; *Wilks* v. *New York Tel. Co.*, 208 App. Div. 542; *Wenzel* v. *Duncan*, 175 Misc. 554, 261 App. Div. 1003.)

*Walter L. Glenney* for respondent. I. The city, being in control, was the only one liable to appellant. (*Cullings* v. *Goetz*, 256 N. Y. 287; *Jackson* v. *Martin*, 297 N. Y. 487; *Mayor of City of Albany* v. *Cunliff*, 2 N. Y. 165; *Muscelli* v. *Starr Contr. Co.*, 296 N. Y. 330; *Cunningham* v. *Gillespie Co.*, 241 Mass. 280; *Pharm* v. *Lituchy*, 283 N. Y. 130; *Kilmer* v. *White*, 254 N. Y. 64; *Zolezzi* v. *Bruce-Brown*, 243 N. Y. 490.) II. Respondent, whose contract, at the time of the accident, had been terminated by the city, owed no duty to appellant and is not liable. (*Goldberg* v. *Lumber Mut. Cas. Ins. Co.*, 297 N. Y. 148; *Brown* v. *German Rock Asphalt Co.*, 236 N. Y. 271; *Weis* v. *Long Island R. R. Co.*, 262 N. Y. 352; *Bergen* v. *Fortis Contr. Co.*, 270 App. Div. 1036, 297 N. Y. 856; *Coleman* v. *Guidone & Son, Inc.*, 192 App. Div. 120; *City of Rochester* v. *Campbell*, 123 N. Y. 405.) III. Respondent is not liable as the creator of a public nuisance. (*Wilks* v. *New York Tel. Co.*, 243 N. Y. 351; *Swords* v. *Edgar*, 59 N. Y. 28; *Covert* v. *Cranford*, 141 N. Y. 521; *Zolezzi* v. *Bruce-*

*Brown,* 243 N. Y. 490; *Dirrane* v. *City of New York,* 240 App. Div. 368; *Rufo* v. *South Brooklyn Sav. Bank,* 268 App. Div. 1057, 295 N. Y. 981; *Board of Educ., Union Free School Dist. No. 6 of Town of North Hempstead* v. *Town of North Hempstead,* 259 App. Div. 733.)

*Per Curiam.* In an action for personal injuries, sustained when she stepped into a four-foot hole in the sidewalk, plaintiff recovered a judgment against respondent. The Appellate Division, while affirming the findings of fact implicit in the jury's verdict, reversed the judgment and dismissed the complaint on the law on two grounds: (1) it ruled that respondent could not be held liable in the light of the acceptance by the City of New York of the work after its completion, citing *Coleman* v. *Guidone & Son, Inc.* (192 App. Div. 120). In that case, however, it was pointed out that if a defective board had been installed the applicable rule might be different. Such the jury was entitled to find was the situation here with respect to the defective concrete. (2) The lower court also held that, since the contract between respondent and the city had expired before the accident, respondent had no supervisory power nor control and was no longer liable under the applicable general rule at common law, citing cases relating to the *maintenance* or the *continuance* of a nuisance or defective condition on private property rather than the *creation* thereof in a public highway. The only case cited which relates to the creation of a dangerous condition is *Mayor of City of Albany* v. *Cunliff* (2 N. Y. 165) the decision in which, however, was based upon the invalidity of a statute.

We are of the opinion that the lower court failed to distinguish between an affirmative act of negligence in the very creation of a nuisance or a dangerous condition in a public highway and a mere failure properly to maintain. The instant case is an exception to the general rule (*Boylhart* v. *Di Marco & Reimann, Inc.,* 270 N. Y. 217, 221; *Benjamin* v. *Trebatch,* 271 N. Y. 513; *Junkermann* v. *Tilyou Realty Co.,* 213 N. Y. 404, 409; *Kilmer* v. *White,* 254 N. Y. 64, 69; *Irvine* v. *Wood,* 51 N. Y. 224, 228; *Charlock* v. *Freel,* 125 N. Y. 357; *Wilks* v. *New York Tel. Co.,* 243 N. Y. 351; *Wilks* v. *Federal Tel. & Tel. Co.,* 248 N. Y. 618 [same case]; *Wenzel* v. *Duncan,* 261 App. Div. 1003).

The judgment of the Appellate Division should be reversed and that of Trial Term affirmed, with costs in this court and in the Appellate Division.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Judgment reversed, etc.