JOHN JASENZAK, as Administrator of the Estate of JULIA JASENZAK, Deceased, Appellant, v. BERNARD SCHIPP et al., Defendants, and GINO COATTI, Respondent.— In an action to recover damages for wrongful death, as a result of the negligent repair of a chimney flue, in that it was blocked and caused an accumulation of poisonous gases, order granting respondent's motion to dismiss the complaint as to him, and the judgment entered thereon, reversed on the law, with $10 costs and disbursements, and the motion, under rule 106 of the Rules of Civil Practice, to dismiss the complaint for insufficiency, denied, without costs. The complaint sufficiently alleges affirmative negligence for which the contractor may be liable, notwithstanding that the injuries were not those of the contractee. (*Brown* v. *Welsbach Corp.*, 301 N. Y. 202; *Adams* v. *White Constr. Co.*, 299 N. Y. 641.) Nolan, P. J., Adel, Sneed, Wenzel and MacCrate, JJ., concur.

STANLEY KATZ, an Infant, by His Guardian ad Litem, ABRAHAM KATZ, et al., Appellants, v. JACOB MUCHNICK et al., Respondents.— In an action to recover damages for personal injuries suffered as a result of contact between a pedestrian and an automobile, and for medical expenses, judgment, entered on the dismissal of the complaint at the close of plaintiffs' case, reversed on the law and a new trial granted, with costs to appellants to abide the event. The evidence established a prima facie case. Nolan, P. J., Carswell, Adel, Sneed and MacCrate, JJ., concur.