■ CAROL IMPENNA, Appellant, v CITY OF NEW YORK et al., Respondents, and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Defendant and Third-Party Plaintiff-Respondent. WARNER AMEX CABLE COMMUNICATIONS COMPANY OF QUEENS, Third-Party Defendant-Respondent. (And a Second Third-Party Action.) [682 NYS2d 464] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Price, J.), dated November 26, 1997, which granted the third-party defendant's motion for summary judgment dismissing the complaint in its entirety and all claims and cross claims insofar as asserted against it.

Ordered that so much of the appeal as pertains to the dismissal of claims and cross claims insofar as asserted against the third-party defendant is dismissed, as the plaintiff is not aggrieved thereby (*see, D'Ambrosio v City of New York,* 55 NY2d 454); and it is further,

Ordered that the order is affirmed insofar as reviewed, with one bill of costs to the third-party defendant-respondent and the defendant-respondent City of New York.

The plaintiff allegedly sustained injuries when she tripped over a so-called "guy wire" attached to a utility pole owned by the defendant Consolidated Edison Company of New York, Inc. (hereinafter Con Ed). In this action to recover damages for her injuries, the plaintiff alleges that the guy wire constituted a hazardous condition in that it lacked a cover designed to make it more visible. The evidence submitted by the third-party defendant, which allegedly installed the guy wire, in support of its motion for, among other relief, summary judgment (*see,* CPLR 1008; *Muniz v Church of Our Lady of Mt. Carmel,* 238 AD2d 101) demonstrated prima facie that Con Ed did not install the guy wire and was under no contractual obligation to maintain it. The plaintiff's evidence in opposition to the motion failed to raise a triable issue of fact as to whether Con Ed breached a duty owed to her (*see, Zuckerman v City of New York,* 49 NY2d 557, 562), and in fact supported the third-party defendant's claim that it owned and maintained the guy wire. Accordingly, the Supreme Court properly granted that branch of the motion which was for summary judgment dismissing the complaint insofar as it is asserted against Con Ed.

Moreover, the Supreme Court properly concluded that the plaintiff's failure to plead and prove that the City of New York had prior written notice of the alleged hazardous condition is fatal to the plaintiff's claim against the City (*see, Katz v City of New York,* 87 NY2d 241; *Goldston v Town of Babylon,* 145 AD2d 534).

The plaintiff's remaining contentions are without merit. Bracken, J. P., Copertino, Thompson and McGinity, JJ., concur.