■ LINDA CENDALES, Respondent-Appellant, v CITY OF NEW YORK, Respondent, KEYSPAN ENERGY CORPORATION, Appellant-Respondent, CONSOLIDATED EDISON, INC., Respondent-Appellant, et al., Defendant. [807 NYS2d 414]—

In an action to recover damages for personal injuries, (1) the defendant Keyspan Energy Delivery New York, sued herein as Keyspan Energy Corporation and Brooklyn Union Gas Company, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated August 4, 2004, as denied that branch of its motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, (2) the plaintiff cross-appeals, as limited by her brief, from so much of the same order as, in effect, upon converting the cross motion of the defendant City of New York to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (7) to a motion for summary judgment, granted the cross motion, and (3) the defendant Consolidated Edison, Inc., cross-appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the motion of the defendant Keyspan

Energy Delivery New York, sued herein as Keyspan Energy Corporation and Brooklyn Union Gas Company, which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted, the complaint and all cross claims are dismissed insofar as asserted against Keyspan Energy Delivery New York, sued herein as Keyspan Energy Corporation and Brooklyn Union Gas Company, and the action against the remaining defendants is severed; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant Keyspan Energy Delivery New York, sued herein as Keyspan Energy Corporation and Brooklyn Union Gas Company payable by the plaintiff.

Contrary to the plaintiff's contention, the Supreme Court properly concluded that the defendant City of New York was entitled to summary judgment dismissing the complaint insofar as asserted against it. Where, as here, a municipality has enacted a prior written notice statute, it may not be subjected to liability for injuries caused by an improperly maintained roadway unless either it has received prior written notice of the defect or an exception to the prior written notice requirement applies (*see Amabile v City of Buffalo*, 93 NY2d 471 [1999]; *Lopez v G&J Rudolph Inc.*, 20 AD3d 511 [2005]; *Ganzenmuller v Incorporated Vil. of Port Jefferson*, 18 AD3d 703 [2005]). Here, the City established its entitlement to judgment as a matter of law by submitting evidence that it had no prior written notice of the roadway defect that allegedly caused the plaintiff's fall (*see Lopez v G&J Rudolph Inc., supra; Filaski-Fitzgerald v Town of Huntington*, 18 AD3d 603 [2005]; *Gold v County of Westchester*, 15 AD3d 439 [2005]). Although an exception to the prior written notice requirement exists where a municipality creates the subject defect through an affirmative act of negligence (*see Amabile v City of Buffalo, supra; Lopez v G&J Rudolph, supra; Khaghan v Rye Town Park Commn.*, 8 AD3d 447 [2004]), the plaintiff's evidentiary submissions were insufficient to raise a triable issue of fact as to whether the roadway defect was created by the City's affirmative negligence.

The court should have granted that branch of the motion of the defendant Keyspan Energy Delivery New York, sued herein as Keyspan Energy Corporation and Brooklyn Union Gas Company (hereinafter Keyspan), which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Keyspan established its entitlement to judg-

ment as a matter of law by submitting evidence that it had not created the roadway defect that caused the plaintiff's fall. The evidence that the plaintiff submitted in opposition to the motion failed to raise a triable issue of fact as to whether certain work performed by Keyspan approximately 200 feet away from the accident site created the subject roadway defect (*see Shvartsberg v City of New York*, 19 AD3d 578 [2005]; *Verdes v Brooklyn Union Gas Co.*, 253 AD2d 552 [1998]; *Curci v City of New York*, 240 AD2d 460 [1997]).

However, the court properly denied the cross motion of the defendant Consolidated Edison, Inc. (hereinafter Con Ed), for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Although Con Ed sustained its burden of demonstrating its prima facie entitlement to judgment as a matter of law, the plaintiff's submissions raised a triable issue of fact as to whether the work it performed in close proximity to the accident site created the subject roadway defect (*see DeSilva v City of New York*, 15 AD3d 252 [2005]; *Cucuzza v City of New York*, 2 AD3d 389 [2003]; *Gerena v Town of Brookhaven*, 280 AD2d 450 [2001]). Cozier, J.P., Krausman, Goldstein and Skelos, JJ., concur.