■ Hattie Duckworth, Appellant, v Village of Monroe, Defendant, and Gerard Laurer et al., Respondents. [833 NYS2d 551]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (McGuirk, J.), dated September 29, 2005, which granted the motion of the defendants Gerard Laurer and Beverly Laurer for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff was injured when she stepped on a raised piece of sidewalk in front of property owned by the defendants Gerard Laurer and Beverly Laurer (hereinafter the Laurers), lost her balance, and fell. After the plaintiff commenced the present action, the Laurers moved for summary judgment dismissing the complaint insofar as asserted against them.

The Supreme Court properly granted the motion. After the Laurers established, prima facie, that they did not create the defect which caused the plaintiff's accident, the plaintiff failed to raise a triable issue of fact (see CPLR 3212 [b]). In opposition to the motion, the plaintiff relied primarily upon the deposition testimony of the defendant Beverly Laurer, in which she acknowledged that, years earlier, she and her husband had caused certain repairs to be made to the sidewalk in front of their property. However, by referring to an exhibit on which the plaintiff had previously denoted the area where she fell, Ms. Laurer established that the repair work had been performed on a different part of the sidewalk.

It was incumbent upon the plaintiff to establish that the defective condition in the sidewalk was created by the abutting landowner, and an abutting landowner will not be held responsible for the condition which caused the accident merely because repairs to other, unrelated areas of the walk were undertaken (see *Roark v Hunting,* 24 NY2d 470, 477 [1969]; *Yass v Deepdale Gardens,* 187 AD2d 506 [1992]). Miller, J.P., Spolzino, Ritter and Dillon, JJ., concur.