■ ROSEMARY CINO et al., Respondents, v CITY OF NEW YORK et al., Respondents, and HRH CONSTRUCTION, LLC, Appellant. [854 NYS2d 201]—

The plaintiffs commenced this action against HRH Construction, Inc. (hereinafter HRH), among others, alleging that the plaintiff Rosemary Cino sustained injuries when she tripped and fell over the raised lip of a sidewalk flagstone. In the order appealed from, the Supreme Court, inter alia, denied HRH's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

A contractor may be held liable for an affirmative act of negligence which results in the creation of a dangerous condition upon a public street or sidewalk (*see Brown v Welsbach Corp.*, 301 NY 202, 205 [1950]; *Losito v City of New York*, 38 AD3d 854 [2007]; *Kleeberg v City of New York*, 305 AD2d 549 [2003]). In support of its motion for summary judgment, HRH met its burden of establishing its entitlement to judgment as a matter of law by submitting evidence demonstrating that it did not perform any work on the portion of the sidewalk where the accident occurred, and thus did not create the allegedly defective condition which caused the injured plaintiff to fall (*see Roark v Hunting*, 24 NY2d 470, 477 [1969]; *Vrabel v City of New York*, 308 AD2d 443 [2003]; *Kleeberg v City of New York*, 305 AD2d 549 [2003]; *Perriconi v St. John's Preparatory High School*, 290 AD2d 546 [2002]). The parties who opposed the motion failed to submit evidence sufficient to raise a triable issue

of fact (*see Duckworth v Village of Monroe,* 38 AD3d 827 [2007]; *Perriconi v St. John's Preparatory High School,* 290 AD2d 546 [2002]; *Yass v Deepdale Gardens,* 187 AD2d 506 [1992]). Accordingly, the Supreme Court should have granted HRH's motion.

In light of our determination, the parties' remaining contentions have been rendered academic. Prudenti, P.J., Miller, Dillon and McCarthy, JJ., concur.