■ GENYA RUBINA et al., Respondents, v CITY OF NEW YORK et al., Respondents, and CABLEVISION SYSTEMS NYC CORP., Appellant, et al., Defendants. (And a Third-Party Action.) [857 NYS2d 713]—

In a consolidated action to recover damages for personal injuries, etc., the defendant Cablevision Systems NYC Corp. ap-

peals from so much of an order of the Supreme Court, Kings County (Battaglia, J.), dated February 9, 2007, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs to the defendant Cablevision Systems NYC Corp. payable by the respondents appearing separately and filing separate briefs, and the motion of the defendant Cablevision Systems NYC Corp. for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

On August 29, 2002, the plaintiff Genya Rubina allegedly was injured when a defect in a roadway in Brooklyn caused her to trip and fall. She and her husband, suing derivatively, commenced an action against the defendant City of New York and the defendant Cablevision Systems NYC Corp. (hereinafter Cablevision). Later, she commenced a separate action against the remaining defendants. In the first action, Cablevision moved for summary judgment dismissing the complaint and all cross claims asserted against it. While the motion was pending, the Supreme Court consolidated the two actions. The Supreme Court denied the motion.

Cablevision demonstrated its prima facie entitlement to judgment as a matter of law by tendering sufficient proof in admissible form that it did not create the roadway defect that caused the plaintiff's fall (*see Cendales v City of New York,* 25 AD3d 579, 580-581 [2006]; *Shvartsberg v City of New York,* 19 AD3d 578, 579 [2005]). None of the parties submitting opposition to the motion raised a triable issue of fact (*see Shvartsberg v City of New York,* 19 AD3d at 579). Moreover, contrary to the City's contention, there is no ambiguity as to the precise location of the occurrence, or in the evidence submitted by Cablevision, which included testimony and photographs, that the work performed on its behalf was on the other side of the intersection, no less than 36 feet away (*see Cendales v City of New York,* 25 AD3d at 579-580). Finally, the defendants opposing Cablevision's motion failed to offer any evidentiary basis to show that further discovery might lead to relevant evidence (*see Loiek v 1133 Fifth Ave. Corp.,* 46 AD3d 766, 767 [2007]; *Arpi v New York City Tr. Auth.,* 42 AD3d 478, 479 [2007]; *Sellars v Redondo,* 270 AD2d 407, 408 [2000]). Consequently, Cablevision's motion for summary judgment dismissing the complaint and all cross claims asserted against it should have been granted. Fisher, J.P., Ritter, Florio and Carni, JJ., concur.