■ ROBIN ELKMAN, Appellant, v CONSOLIDATED EDISON OF NEW YORK et al., Respondents. [897 NYS2d 197]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated February 10, 2009, as granted that branch of the motion of the defendant New York Paving, Inc., and that branch of the cross motion of the defendants Consolidated Edison of New York and Sicon Contractors Inc., which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the defendants appearing separately and filing separate briefs.

The plaintiff allegedly sustained injuries when she tripped and fell on an uneven sidewalk. The plaintiff alleged that the defendants created the defective condition by negligently performing work on the sidewalk.

Generally, liability for injuries sustained as a result of negligent maintenance of a public sidewalk, or a dangerous or defective condition on the sidewalk, is placed on the municipality. An exception exists where the defendant created the defect (*see Hausser v Giunta*, 88 NY2d 449 [1996]; *Gerardi v Verizon N.Y., Inc.*, 66 AD3d 960 [2009]). Here, the defendants established their respective entitlements to judgment as a matter of law by submitting evidence sufficient to demonstrate, prima facie, that they did not create the alleged uneven condition in the sidewalk (*see Rubina v City of New York*, 51 AD3d 761 [2008]; *Cino v City of New York*, 49 AD3d 796 [2008]; *Arpi v New York City Tr. Auth.*, 42 AD3d 478, 479 [2007]; *Cendales v City of New York*, 25 AD3d 579 [2006]; *Vrabel v City of New York*, 308 AD2d 443 [2003]; *Verdes v Brooklyn Union Gas Co.*, 253 AD2d 552 [1998]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendants performed work within the area of the sidewalk where the accident occurred (*see Maniscalco v Liro Eng'g Constr. Mgt.*, 305 AD2d 378 [2003]). Dillon, J.P., Santucci, Balkin and Sgroi, JJ., concur.