In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Plug, J.), dated February 17, 2011, as granted the separate motions of the de *737 fendants City of New York, Consolidated Edison Company, TriMessine Construction, Co., and Safeway Construction Enterprises, Inc., which were for summary judgment dismissing the complaint insofar as asserted against each of them.
Ordered that the order is affirmed insofar as appealed from, with one bill of costs.
The plaintiff Grace E. Weinberg (hereinafter the injured plaintiff) allegedly was injured when she fell in a sink hole in the southbound travel lane of 67th Avenue in Queens. The injured plaintiff, and her husband, suing derivatively, commenced this action to recover damages against the defendants City of New York, Consolidated Edison Company (hereinafter Con Ed), Tri-Messine Construction, Co. (hereinafter TriMessine), and Safeway Construction Enterprises, Inc. (hereinafter Safeway). Con Ed had previously hired Tri-Messine and Safeway to perform work on the roadway.
The City made a prima facie showing of its entitlement to judgment as a matter of law by demonstrating that it did not have prior written notice of the allegedly defective condition involved in the injured plaintiffs accident (see Cendales v City of New York, 25 AD3d 579, 580-581 [2006]). In opposition, the plaintiffs failed to raise a triable issue of fact because they offered only speculation that the City affirmatively created the alleged roadway defect (see Lawler v City of Yonkers, 45 AD3d 813 [2007]).
The defendants Tri-Messine and Safeway established their entitlement to judgment as a matter of law by demonstrating that they did not create the alleged defect in the travel lane of the roadway which allegedly caused the injured plaintiff to fall (see Cendales v City of New York, 25 AD3d at 580-581; Shvartsberg v City of New York, 19 AD3d 578, 579 [2005]; Palone v City of New York, 5 AD3d 750, 751 [2004]). In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]).
Since Con Ed’s alleged liability was based upon its hiring of the defendants Tri-Messine and Safeway, it also was entitled to summary judgment dismissing the complaint insofar as asserted against it.
Accordingly, the Supreme Court properly granted the separate motions of the City, Con Ed, Tri-Messine, and Safeway for summary judgment dismissing the complaint insofar as asserted against them. Skelos, J.P., Leventhal, Belen and Roman, JJ., concur.