■ MARJORIE WALTON, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. [963 NYS2d 275]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated August 19, 2011, as granted that branch of the motion of the defendant Costa Construction & Consulting Corp. which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly tripped and fell over a defect in a roadway abutting a manhole cover as she was crossing the street within a crosswalk, sustaining injuries. She commenced this action against, among others, the defendant Costa Construction & Consulting Corp. (hereinafter Costa), which had a contract with the defendant City of New York to replace certain 24-inch manhole covers with 27-inch manhole covers.

A contractor may be held liable for an affirmative act of negligence which results in the creation of a dangerous condition upon a public street or sidewalk (*see Brown v Welsbach Corp.*, 301 NY 202, 205 [1950]; *Sand v City of New York*, 83 AD3d 923, 925 [2011]; *Cino v City of New York*, 49 AD3d 796, 797 [2008]). Here, Costa submitted evidence sufficient to establish, prima facie, that it did not perform any work in the area where the accident occurred and, therefore, that it did not create the alleged hazardous condition (*see Sand v City of New York*, 83 AD3d at 925-926; *Elkman v Consolidated Edison of N.Y.*, 71 AD3d 817, 818 [2010]; *Cohen v Schachter*, 51 AD3d 847, 848 [2008]; *Rubina v City of New York*, 51 AD3d 761, 762 [2008]; *Cino v City of New York*, 49 AD3d at 797). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

Accordingly, the Supreme Court properly granted that branch of Costa's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Mastro, J.P., Rivera, Chambers and Miller, JJ., concur.