■ ANTONIA ZHILKINA, Respondent, v CITY OF NEW YORK et al., Respondents, and ALEX FIGLIOLIA CONTRACTING, INC., Appellant, et al., Defendants. (And a Third-Party Action.) [995 NYS2d 161]—

In an action to recover damages for personal injuries, the defendant Alex Figliolia Contracting, Inc., appeals from an order of the Supreme Court, Kings County (Landicino, J.), dated September 27, 2012, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs, and the motion of the defendant Alex Figliolia Contracting, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

The appellant is a contractor that was issued a permit in January 2001 to open the roadway and repair a water main break located at 675 Avenue Z in Brooklyn. The appellant excavated an area at that location, repaired the water main, and repaved the roadway. In February 2006, the plaintiff allegedly tripped and fell on a bump in the road near 675 Avenue Z and sustained personal injuries.

A contractor may be liable for an affirmative act of negligence which results in the creation of a dangerous condition upon a public street or sidewalk (*see Brown v Welsbach Corp.*, 301 NY 202, 205 [1950]; *Walton v City of New York*, 105 AD3d 732, 732 [2013]; *Sand v City of New York*, 83 AD3d 923, 925 [2011]).

The appellant met its burden in moving for summary judgment by offering proof that it did not create the alleged defect which caused the plaintiff's fall. In opposition, the evidence that the plaintiff submitted failed to raise a triable issue of fact as to whether the work the appellant performed created the alleged defect (*see Cendales v City of New York*, 25 AD3d 579, 581

[2006]; *Maloney v Consolidated Edison Co. of N.Y.*, 290 AD2d 540, 541 [2002]; *Kuller v Potashner*, 268 AD2d 563 [2000]). Accordingly, the Supreme Court should have granted the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Skelos, J.P., Dickerson, Maltese and LaSalle, JJ., concur.