■ DIANA HUERTA et al., Respondents, v 2147 SECOND AVENUE, LLC, Defendant/Third-Party-Plaintiff, et al., Defendants, and KENRY CONTRACTING, INC., Defendant/Third-Party Defendant-Appellant, et al., Defendant/Third-Party Defendant. [10 NYS3d 547]—

In an action to recover damages for personal injuries, etc., the defendant third-party defendant Kenry Contracting, Inc., appeals from an order of the Supreme Court, Kings County (Rothenberg, J.), dated May 22, 2014, which denied its motion for summary judgment dismissing the complaint, cross claims, and third-party complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant/third-party defendant Kenry Contracting, Inc., for summary judgment dismissing the complaint, cross claims, and third-party complaint insofar as asserted against it is granted.

The infant plaintiff allegedly was in the vicinity of a fire hydrant abutting a property under construction when she

sustained personal injuries. The infant plaintiff, and her mother suing derivatively, commenced this action against, among others, the defendant/third-party defendant Kenry Contracting, Inc. (hereinafter Kenry), one of the subcontractors on the construction project. The plaintiffs alleged that, prior to the incident, a device was attached to the fire hydrant, and an unidentified individual attempted to open the fire hydrant to access the water. The subject device allegedly broke into pieces, water gushed out, and the infant plaintiff was caused to fall.

A contractor may be liable for an affirmative act of negligence which results in the creation of a dangerous condition upon a public street or sidewalk (see Brown v Welsbach Corp., 301 NY 202 [1950]; Zhilkina v City of New York, 121 AD3d 975 [2014]; Walton v City of New York, 105 AD3d 732 [2013]). Here, Kenry submitted evidence sufficient to establish, prima facie, that it did not create the alleged hazardous condition. Evidence showed that Kenry did not perform any work at the construction site on the day of the incident and that it never made use of the subject fire hydrant (see generally Zhilkina v City of New York, 121 AD3d 975 [2014]; Walton v City of New York, 105 AD3d 732 [2013]). In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]).

Accordingly, the Supreme Court should have granted Kenry's motion for summary judgment dismissing the complaint, cross claims, and the third-party complaint insofar as asserted against it. Balkin, J.P., Roman, Maltese and Barros, JJ., concur.