■ RICHARD NEALY, Appellant-Respondent, v PAVARINI-McGOVERN, LLC, Defendant/Third-Party Plaintiff-Respondent-Appellant, and ROCKLEDGE SCAFFOLD CORP., Respondent. FOREST ELECTRIC CORPORATION, Third-Party Defendant-Respondent. [24 NYS3d 372]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated October 15, 2013, as granted that branch of the motion of the defendant Rockledge Scaffold Corp. which was for summary judgment dismissing the complaint insofar as asserted against it, granted that branch of the motion of the defendant/third-party plaintiff Pavarini-McGovern, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it, and granted the third-party defendant's motion for summary judgment dismissing the third-party complaint, and the defendant/third-party plaintiff Pavarini-McGovern, LLC, cross-appeals, as limited by its brief, from so much of the same order as granted the third-party defendant's motion for summary judgment dismissing the third-party complaint, and, in effect, denied, as academic, that branch of its cross motion which was for summary judgment on its third-party cause of action for contractual indemnification.

Ordered that the appeal from so much of the order as granted the third-party defendant's motion for summary judgment dismissing the third-party complaint is dismissed, without costs or disbursements, as the plaintiff is not aggrieved by that portion of the order (*see* CPLR 5511; *Ahrorgulova v Mann*, 108 AD3d 581, 582 [2013]); and it is further,

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the cross motion of the defendant/third-party plaintiff Pavarini-McGovern, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision denying that branch of the cross motion, (2) by deleting the provision thereof granting the third-party defendant's motion for summary judgment dismissing the third-party complaint, and substituting therefor a provision denying that motion, and (3) by deleting the provision thereof, in effect, denying, as academic, that branch of the cross motion of the defendant/third-party plaintiff Pavarini-McGovern, LLC, which was for summary judgment on its third-party cause of action for contractual indemnification and substituting therefor a provision denying that branch of the cross motion on the merits; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.

On December 15, 2006, at approximately 8:30 p.m., the plaintiff allegedly was walking under a sidewalk bridge adjacent to a construction site when he tripped on a piece of nylon debris and fell. He commenced this action to recover damages for personal injuries against Pavarini-McGovern, LLC (hereinafter Pavarini-McGovern), the general contractor at the construction site, and Rockledge Scaffold Corp. (hereinafter Rockledge Scaffold), the subcontractor that erected the sidewalk bridge. The plaintiff asserted causes of action sounding in common-law negligence and alleged that Pavarini-McGovern and Rockledge Scaffold created or had actual or constructive notice of the sidewalk debris. Pavarini-McGovern commenced a third-party action for, inter alia, common-law and contractual indemnification against Forest Electric Corporation (hereinafter Forest Electric), alleging that Forest Electric, a subcontractor, was negligent in maintaining the lighting underneath the sidewalk bridge. Forest Electric moved for summary judgment dismissing the third-party complaint. Pavarini-McGovern cross moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, or in the alternative, for summary judgment on its third-party cause of action for contractual indemnification against Forest Electric. Rockledge Scaffold separately moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court granted the motions of Rockledge Scaffold and Forest Electric, and granted that branch of the cross motion of Pavarini-McGovern which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

The court also, in effect, denied, as academic, that branch of Pavarini-McGovern's cross motion which was for summary judgment on its third-party cause of action for contractual indemnification. The plaintiff appeals, and Pavarini-McGovern cross-appeals.

The Supreme Court properly granted that branch of Rockledge Scaffold's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Rockledge Scaffold established its prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that it did not create the alleged dangerous condition, nor did it otherwise owe a duty of care to the plaintiff (*see Huerta v 2147 Second Ave., LLC*, 129 AD3d 668 [2015]; *Zhilkina v City of New York*, 121 AD3d 975 [2014]; *Izzo v Proto Constr. & Dev. Corp.*, 81 AD3d 898 [2011]). The evidence showed that Rockledge Scaffold had not performed any work at the construction site for seven months prior to the plaintiff's accident, and that it was not responsible for maintaining the sidewalk at issue (*see Huerta v 2147 Second Ave., LLC*, 129 AD3d 668 [2015]; *Zhilkina v City of New York*, 121 AD3d 975 [2014]; *Izzo v Proto Constr. & Dev. Corp.*, 81 AD3d 898 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact.

However, the Supreme Court erred in granting that branch of Pavarini-McGovern's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it. Pavarini-McGovern conceded that it was responsible for cleaning and maintaining the area where the plaintiff allegedly tripped on debris and fell. However, the deposition testimony of Pavarini-McGovern's witness established nothing more than Pavarini-McGovern's general inspection and cleaning practices, which was insufficient to establish that it did not have constructive notice of the debris on which the plaintiff allegedly tripped and fell (*see Barris v One Beard St., LLC*, 126 AD3d 831 [2015]; *Herman v Lifeplex, LLC*, 106 AD3d 1050 [2013]).

The Supreme Court also erred in granting Forest Electric's motion for summary judgment dismissing the third-party complaint, as Forest Electric's submissions revealed the existence of triable issues of fact as to whether it was negligent in its maintenance of the sidewalk bridge lighting and, if so, whether such negligence contributed to the happening of the accident (*see Ginter v Flushing Terrace, LLC*, 121 AD3d 840 [2014]; *Aragundi v Tishman Realty & Constr. Co., Inc.*, 68 AD3d 1027 [2009]; cf. *Reimold v Walden Terrace, Inc.*, 85 AD3d 1144 [2011]).

Although Forest Electric is not entitled to summary judgment dismissing the third-party complaint, Pavarini-McGovern is also not entitled to summary judgment on its third-party cause of action for contractual indemnification. Since Pavarini-McGovern did not establish that it was free from negligence in accordance with the indemnification agreement, that branch of its cross motion which was for summary judgment on its third-party cause of action for contractual indemnification against Forest Electric must be denied on the merits (*see Jamindar v Uniondale Union Free School Dist.*, 90 AD3d 612 [2011]). Mastro, J.P., Austin, Maltese and Barros, JJ., concur.