McGee v City of New York (2018 NY Slip Op 03671)





McGee v City of New York


2018 NY Slip Op 03671


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-03227
 (Index No. 700780/15)

[*1]Sharon McGee, appellant, 
v
City of New York, defendant, Deboe Construction Corp., respondent.


Segan, Nemerov & Singer, P.C., New York, NY (Stuart Diamond of counsel), for appellant.
Andrea G. Sawyers, Melville, NY (Dominic P. Zafonte of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered March 1, 2017. The order, insofar as appealed from, granted that branch of the motion of the defendant Deboe Construction Corp. which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On July 3, 2014, at about 4:30 p.m., the plaintiff allegedly sustained personal injuries when she tripped and fell over an asphalt patch within a crosswalk in Queens. The plaintiff commenced this action against the City of New York and Deboe Construction Corp. (hereinafter Deboe Construction), a contractor which had installed water mains for the City. Deboe Construction moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, contending that it did not create the alleged defect. The Supreme Court granted the motion. The plaintiff appeals.
A contractor may be liable for an affirmative act of negligence which results in the creation of a dangerous condition upon a public street (see Brown v Welsbach Corp., 301 NY 202, 205; Morris v City of New York, 143 AD3d 681, 682; Sand v City of New York, 83 AD3d 923, 925; Cohen v Schachter, 51 AD3d 847, 848). Here, Deboe Construction established its entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by demonstrating, prima facie, that it did not perform any work in the western portion of the crosswalk where the accident occurred and that it did not create the alleged defect (see Cruz v Keyspan, 120 AD3d 1290, 1291; Walton v City of New York, 105 AD3d 732; Rubina v City of New York, 51 AD3d 761, 762; Cino v City of New York, 49 AD3d 796, 797; Robinson v City of New York, 18 AD3d 255, 256). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted that branch of Deboe Construction's motion which was for summary judgment dismissing the complaint insofar as [*2]asserted against it.
RIVERA, J.P., MILLER, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court