Madonia v City of New York (2018 NY Slip Op 06088)





Madonia v City of New York


2018 NY Slip Op 06088


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2015-10958
 (Index No. 493/11)

[*1]Anna Madonia, appellant, 
v
City of New York, defendant third-party plaintiff-respondent, New York City Department of Transportation, et al., defendants-respondents; Joro Carting, Inc., third-party defendant-respondent.


Jonathan D'Agostino & Associates, P.C., Staten Island, NY (Glen Devora of counsel), for appellant.
London Fischer LLP, New York, NY (James Walsh and Daniel C. Perrone of counsel), for defendant third-party plaintiff-respondent and defendant-respondent New York City Department of Transportation.
Gallo Vitucci Klar LLP, New York, NY (Kimberly A. Ricciardi of counsel), for defendant-respondent Frank Lomangino and third-party defendant-respondent Joro Carting, Inc.
David M. Santoro, New York, NY (Stephen T. Brewi of counsel), for defendant-respondent Consolidated Edison Company of New York, Inc.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated September 23, 2015. The order, insofar as appealed from, granted (1) that branch of the motion of the defendant Frank Lomangino and the third-party defendant Joro Carting, Inc., which was for summary judgment dismissing the complaint insofar as asserted against Frank Lomangino, (2) the motion of the defendants the City of New York and the New York City Department of Transportation for summary judgment dismissing the complaint insofar as asserted against them, and (3) that branch of the motion of the defendant Consolidated Edison Company of New York, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Consolidated Edison Company of New York, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the defendant Consolidated Edison of New York, Inc., and one bill of costs to the defendant Frank Lomangino and third-party defendant Joro Carting, Inc., and the defendants the City of New York and the New York [*2]City Department of Transportation, payable by the plaintiff.
The plaintiff allegedly was injured on July 28, 2010, when she tripped and fell on a sidewalk defect in Brooklyn. She commenced this action against the defendants City of New York and New York City Department of Transportation (hereinafter together the City defendants), Consolidated Edison Company of New York, Inc. (hereinafter Con Ed), and Frank Lomangino, the owner of commercial property that abutted the subject sidewalk. After discovery, the City defendants and Con Ed separately moved for summary judgment dismissing the complaint insofar as asserted against each of them, and Lomangino and the third-party defendant, Joro Carting, Inc. (hereinafter Joro), which was owned by Lomangino, separately moved for summary judgment dismissing the complaint insofar as asserted against Lomangino. In an order dated September 23, 2015, the Supreme Court, among other things, granted those branches of the motions. The plaintiff appeals.
The plaintiff contends that Lomangino was responsible for the defect at issue because he had a duty to maintain the sidewalk in front of his premises. Administrative Code of the City of New York § 7-210 places the duty to maintain a sidewalk in a reasonably safe condition on the owner of the property abutting the sidewalk, and provides for civil liability for injuries proximately caused by the failure to so maintain the sidewalk. In support of their motion, Lomangino and Joro submitted, among other things, transcripts of the deposition testimony of the plaintiff and Lomangino. In her deposition, the plaintiff described the defect upon which she tripped as "a raised block of concrete with bolts coming out of it." At his deposition, Lomangino testified that there used to be a functioning lamppost where the plaintiff fell, but it was knocked down during or after a snowstorm in the winter of 1998, and then removed. Lomangino further testified that three days after the pole was removed, employees of Con Ed put in the foundation for a new lamppost. The foundation consisted of cement with "some bolts coming up," but no lamppost was ever installed upon the foundation, and in 2010, an employee of Con Ed disconnected the electrical wire to the foundation.
Lomangino and Joro established, prima facie, that the defect upon which the plaintiff tripped was not part of the sidewalk within the meaning of Administrative Code of the City of New York § 7-210 (see Administrative Code of City of NY § 19-101[d]; Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 521-522; Gibbons v City of New York, 139 AD3d 1004; Rodriguez v Themelion Realty Corp., 94 AD3d 733; Vidakovic v City of New York, 84 AD3d 1357, 1358; Smirnova v City of New York, 64 AD3d 641, 642). Lomangino and Joro also established that Lomangino did not create the allegedly dangerous condition, that the condition was not the result of his negligent repair, and that Lomangino did not make any special use of the subject area (see Gibbons v City of New York, 139 AD3d at 1004-1005; Holmes v Town of Oyster Bay, 82 AD3d 1047, 1048; Grier v 35-63 Realty, Inc., 70 AD3d 772, 773). In opposition, the plaintiff failed to raise a triable issue of fact. Therefore, we agree with the Supreme Court's determination granting that branch of the motion of Lomangino and Joro which was for summary judgment dismissing the complaint insofar as asserted against Lomangino.
The plaintiff also contends that the Supreme Court erred in granting that branch of the City defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them because (1) the prior written notice law is inapplicable, and (2) there are triable issues of fact as to whether the City defendants created the defective condition by knocking down the former lamppost during snowplow operations in the winter of 1998. "Administrative Code of the City of New York § 7-201(c) limits the City's duty of care over municipal streets and sidewalks by imposing liability only for those defects or hazardous conditions which its officials have been actually notified exist at a specified location" (Katz v City of New York, 87 NY2d 241, 243). Contrary to the plaintiff's contention, the prior written notice rule includes "any encumbrances" or "attachments" to the sidewalk (Administrative Code § 7-201[c][2]), and thus encompasses the lamppost foundation at issue here (see Brown v City of New York, 150 AD3d 615; Hubbard v City of New York, 84 AD3d 1313; Cuccia v City of New York, 22 AD3d 516; Impenna v City of New York, 256 AD2d 551). The plaintiff does not dispute that the City defendants established, prima facie, the lack of prior written notice, but instead argues that the City had constructive notice of the [*3]defect. However, "constructive notice of a defect may not override the statutory requirement of prior written notice" (Amabile v City of Buffalo, 93 NY2d 471, 475-476). Thus, the plaintiff failed to raise a triable issue of fact as to whether the City defendants had notice of the alleged defect.
Furthermore, the plaintiff failed to raise a triable issue of fact as to whether the City created the alleged defect through an affirmative act of negligence (see id. at 474; Brown v City of New York, 150 AD3d at 616; Hubbard v City of New York, 84 AD3d at 1315; Cuccia v City of New York, 22 AD3d at 517). The plaintiff relies upon Lomangino's deposition testimony that the original lamppost was knocked over by a City snow plow. However, Lomangino did not see the incident occur or see the pole after it allegedly was knocked down, and his testimony as to how it came down was speculative and therefore insufficient to defeat summary judgment (see generally Justinian Capital SPC v WestLB AG, N.Y. Branch, 28 NY3d 160, 167-168; Zuckerman v New York, 49 NY2d 557, 562). More significantly, Lomangino testified that after the pole was removed, employees from Con Ed installed a new foundation in the location where the pole had been. This is the defect described by the plaintiff as having caused her fall. Consequently, we agree with the Supreme Court's determination granting that branch of the City defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
Finally, the plaintiff contends that there were triable issues of fact as to whether Con Ed created the defect at issue and, therefore, that the Supreme Court should not have granted that branch of Con Ed's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Con Ed may be liable for an affirmative act of negligence which results in the creation of a dangerous condition upon a public street or sidewalk (see Brown v Welsbach Corp., 301 NY 202, 205; Zhilkina v City of New York, 121 AD3d 975; Walton v City of New York, 105 AD3d 732). In support of its motion, Con Ed submitted evidence that it had searched its records during the period of July 28, 2008, until July 28, 2010, and there were no records that it had conducted repairs to the lamppost located in the area where the plaintiff fell (cf. Gueli v City of New York, 92 AD3d 840; Sand v City of New York, 83 AD3d 923, 925). Con Ed also submitted, however, Lomangino's deposition testimony, describing how Con Ed employees installed the lamppost foundation upon which the plaintiff allegedly tripped. Thus, Con Ed failed to establish, prima facie, that it did not create the alleged defect which caused the plaintiff's fall (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324; cf. Di Sanza v City of New York, 11 NY3d 766, 767). Accordingly, the Supreme Court should have denied that branch of Con Ed's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
SCHEINKMAN, P.J., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court