Sindoni v City of New York (2019 NY Slip Op 06110)





Sindoni v City of New York


2019 NY Slip Op 06110


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
HECTOR D. LASALLE, JJ.


2019-01994
 (Index No. 705621/17)

[*1]Dino Sindoni, respondent, 
v
City of New York, et al., defendants, Craig Geotechnical Drilling Co., Inc., appellant.


Andrea G. Sawyers, Melville, NY (David R. Holland of counsel), for appellant.
Sacco & Fillas LLP, Astoria, NY (James Baez and Simon B. Landsberg of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Craig Geotechnical Drilling Co., Inc., appeals from an order of the Supreme Court, Queens County (Ernest F. Hart, J.), entered February 5, 2019. The order denied that defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Craig Geotechnical Drilling Co., Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.
The plaintiff allegedly was injured when he tripped on a raised sidewalk flag. He commenced this personal injury action against, among others, the defendant Craig Geotechnical Drilling Co., Inc. (hereinafter Craig Drilling), a contractor, alleging that it was negligent in, among other things, creating the allegedly dangerous condition that caused the accident. Craig Drilling moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it on the ground that it did not create or exacerbate that condition. The Supreme Court denied the motion, and Craig Drilling appeals.
The Supreme Court should have granted Craig Drilling's motion for summary judgment. A contractor may be liable for an affirmative act of negligence which results in the creation of a dangerous condition upon a public street or sidewalk (see Brown v Welsbach Corp., 301 NY 202; Huerta v 2147 Second Ave., LLC, 129 AD3d 668, 669; see also Espinal v Melville Snow Contrs., 98 NY2d 136, 141-142). Here, Craig Drilling demonstrated its prima facie entitlement to judgment as a matter of law by presenting evidence that it performed no work in the area of the raised sidewalk flag prior to the subject accident (see Arrucci v City of New York, 45 AD3d 617, 618; Kleeberg v City of New York, 305 AD2d 549). In opposition, the plaintiff failed to raise a triable issue of fact as to whether Craig Drilling created or exacerbated the raised sidewalk flag. Under the circumstances of this case, the mere fact that a permit had been issued to Craig Drilling to perform work on the street was insufficient to raise a triable issue of fact as to whether Craig Drilling created or exacerbated the raised sidewalk flag (see Burton v City of New York, 153 AD3d 487; Cruz v Keyspan, 120 AD3d 1290).
AUSTIN, J.P., LEVENTHAL, ROMAN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court