Byrd v Hughes (2020 NY Slip Op 06741)





Byrd v Hughes


2020 NY Slip Op 06741


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2019-04661
 (Index Nos. 28954/11, 22578/12)

[*1]Beauton Byrd, plaintiff-appellant, 
v
Richard Hughes, et al., defendants, Taco Bell of America, Inc., et al., defendants-appellants, Concrete Structures, Inc., respondent (and third-party actions). (Action No. 1.)
Lillian Jerman, etc., et al., plaintiffs-appellants,
v
Richard J. Hughes, et al., defendants, Taco Bell of America, Inc., et al., defendants-appellants, Concrete Structures, Inc., respondent (and third-party actions). (Action No. 2.)


Siben & Siben, LLP, Bay Shore, NY (Alan G. Faber of counsel), for plaintiff-appellant in Action No. 1.
Marino & Marino, P.C., Great Neck, NY (Salvatore R. Marino of counsel), for plaintiffs-appellants in Action No. 2.
Hannum Feretic Prendergast & Merlino LLC (Shaub, Ahmuty, Citrin & Spratt, LLP, New York, NY [Timothy R. Capowski, Gerard S. Rath, and Steven R. Widom], of counsel), for defendants-appellants.
Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Lorin A. Donnelly of counsel), for respondent.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, and a related action to recover damages for personal injuries and wrongful death, which were joined for trial, the plaintiff in Action No. 1, the plaintiffs in Action No. 2, and Taco Bell of America, Inc., and Lorich Construction Management, LLC, defendants in Action Nos. 1 and 2, separately appeal from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated March 22, 2019. The order, insofar as appealed from, granted the motion of Concrete Structures, Inc., a defendant in Action Nos. 1 and 2, for summary judgment dismissing the amended complaint in Action No. 1, the second amended complaint in Action No. 2, and all cross claims insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, and the motion of Concrete Structures, Inc., for summary judgment dismissing the amended complaint in Action No. 1, the second amended complaint in Action No. 2, and all cross claims insofar as asserted against it is denied.
On July 25, 2011, at approximately 5:56 a.m., Merell Jerman (hereinafter the decedent) and her nephew, Beauton Byrd, allegedly were walking in a southbound direction on the sidewalk parallel with Route 110, in front of a Taco Bell located at 810 Broadway in Amityville, when, due to an ongoing construction project at the premises and, inter alia, the obstruction of the sidewalk by barricades, they were forced to walk into the adjacent roadway of Route 110 and were struck by a vehicle driven by Richard J. Hughes, causing the decedent to suffer fatal injuries and Byrd to suffer serious injuries.
Byrd commenced two separate actions to recover damages for personal injuries, which were later consolidated (hereinafter Action No. 1), and the administrator of the decedent's estate commenced an action to recover damages for personal injuries and wrongful death (hereinafter Action No. 2), against various defendants, including Taco Bell of America, Inc. (hereinafter Taco Bell), the owner of the premises, and Lorich Construction Management, LLC (hereinafter Lorich), the general contractor for the construction project. Concrete Structures, Inc. (hereinafter CSI), the subcontractor hired, inter alia, to construct the off-site sidewalks running along Route 110 and the driveway apron, was added as a defendant to both actions, which were joined for trial. The plaintiffs alleged, inter alia, that CSI was negligent in that it caused the sidewalk to be obstructed and failed to provide a safe, alternate passageway for pedestrians. Lorich and Taco Bell (hereinafter together the Lorich defendants) interposed an answer to the second amended complaint in Action No. 2, which included cross claims for contractual indemnification, common-law indemnification, contribution, and, against CSI only, damages for breach of contract.
CSI moved for summary judgment dismissing the amended complaint in Action No. 1, the second amended complaint in Action No. 2, and all cross claims insofar as asserted against it. CSI argued, inter alia, that it could not have caused or created the dangerous condition alleged to have caused the accident, as it had completed its construction work and was fully off-site approximately one week prior thereto. The plaintiffs and the Lorich defendants opposed the motion. The Supreme Court granted the motion. The plaintiffs and the Lorich defendants separately appeal.
"A contractor may be liable for an affirmative act of negligence which results in the creation of a dangerous condition upon a public street or sidewalk" (Garafola-Booth v City of New York, 164 AD3d 473, 473 [internal quotation marks omitted]; see Huerta v 2147 Second Ave., LLC, 129 AD3d 668, 669; Hayes v DeMicco Bros., Inc., 34 AD3d 641). Here, CSI failed to demonstrate its prima facie entitlement to judgment as a matter of law, as its submissions failed to eliminate all triable issues of fact as to whether it created the dangerous condition alleged to have caused the accident. The deposition testimony of Sam F. Acri, a senior project manager and partner of Lorich, and Americo Magalhaes, the president of CSI, reflects that, contrary to CSI's contention that it had completed its work and was off-site approximately one week prior to the accident, it may have still been working on-site as of July 25, 2011, the day of the accident. Moreover, the deposition testimony was conflicting as to whether CSI was responsible for implementing traffic control that included building an alternate pathway for pedestrians during construction of the off-site sidewalks, and whether it actually implemented the traffic control for which Magalhaes admitted CSI had charged Lorich. Further, the deposition testimony of Acri, Magalhaes, and an eyewitness to the accident failed to eliminate all triable issues of fact with regard to the presence of barriers on the sidewalk on the day of the accident and which entity owned and/or erected them.
CSI failed to establish its prima facie entitlement to judgment as a matter of law dismissing the Lorich defendants' cross claim for contractual indemnification insofar as asserted against it, as it did not establish that the damages alleged did not "arise[ ] out of or in consequence of the performance of" the contract (see Aragundi v Tishman Realty & Constr. Co., Inc., 68 AD3d 1027, 1029; Shadlich v Rongrant Assoc., LLC, 66 AD3d 759, 760).
Moreover, CSI failed to establish its prima facie entitlement to judgment as a matter of law dismissing the Lorich defendants' cross claims for common-law indemnification and contribution insofar as asserted against it, as there are triable issues of fact regarding whether CSI created the alleged dangerous condition that resulted in the accident (see Ginter v Flushing Terrace, LLC, 121 AD3d 840, 845).
Further, CSI failed to establish its prima facie entitlement to judgment as a matter of law dismissing the Lorich defendants' cross claim alleging breach of contract asserted against it, as it failed to demonstrate it satisfied its contractual obligation to name Lorich and the owner as additional insureds (see generally Junger v John V. Dinan Assoc., Inc., 164 AD3d 1428, 1430).
Since CSI failed to meet its prima facie burden, we need not consider the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Accordingly, the Supreme Court should have denied CSI's motion for summary judgment dismissing the amended complaint in Action No. 1, the second amended complaint in Action No. 2, and all cross claims insofar as asserted against it.
DILLON, J.P., MALTESE, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court