■ MAYA JONES, Respondent, v CITY OF NEW YORK et al., Respondents, and BROOKLYN UNION GAS, INC., Appellant. [846 NYS2d 307]—

In an action to recover damages for personal injuries, the defendant Brooklyn Union Gas, Inc., now known as Keyspan Energy Delivery New York, appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated May 10, 2006, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against the defendant Brooklyn Union Gas, Inc., now known as Keyspan Energy Delivery New York, is granted.

The plaintiff Maya Jones alleged that she tripped and fell when her foot became caught in a hole in the sidewalk surrounding a gas valve belonging to the defendant Brooklyn Union Gas, Inc., now known as Keyspan Energy Delivery New York (hereinafter Brooklyn Union). In support of its motion for summary judgment, Brooklyn Union produced evidence that it had not performed any work in the area during the two years preceding the accident. In opposition to Brooklyn Union's establishment, prima facie, of its entitlement to summary judgment, the plaintiff failed to raise a triable issue of fact as to whether Brooklyn Union created the defect by negligently performing repairs or that the accident location was constructed in a special manner for its benefit (see Hausser v Giunta, 88 NY2d 449, 452 [1996]; Shvartsberg v City of New York, 19 AD3d 578, 579

[2005]). The mere speculation that Brooklyn Union used the gas valve where the plaintiff fell to turn off the gas to a nearby building for the construction company doing work on the building did not raise a triable issue of fact in opposition to the evidence presented by Brooklyn Union that it performed no work on the sidewalk (*see Cendales v City of New York,* 25 AD3d 579, 581 [2006]; *Child v Suffolk County Water Auth.,* 283 AD2d 537, 537-538 [2001]). Miller, J.P., Lifson, Angiolillo and McCarthy, JJ., concur.