■ ANDRELL ROBINSON, Appellant, v HIGHBRIDGE HOUSE OGDEN, LLC, et al., Respondents. [997 NYS2d 904]—Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered August 5, 2013, which, to the extent appealed from as limited by the briefs,

denied plaintiff's motion to compel defendants to produce their maintenance records and maintenance complaint log book for a period of two years prior to and including the date of the accident, unanimously modified, on the law and the facts, to the extent of granting so much of the motion as sought production of maintenance records and the maintenance complaint log book entries relating to a wet or slippery condition on the subject stairwell for a one-year period prior to and including the date of the accident, and otherwise affirmed, without costs.

In this action, plaintiff seeks to recover for injuries allegedly sustained on a stairwell in defendants' apartment complex as a result of a wet, transitory condition consisting of urine. To the extent that plaintiff seeks records for any other location or type of condition or for a period exceeding one year, the request is not "material and necessary in the prosecution . . . of an action" (CPLR 3101 [a]; *see Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406-407 [1968]). Inasmuch as defendants have not alleged that the records sought are unavailable, an affidavit with respect to their search for records cannot serve as a substitute for production (*cf. Jackson v City of New York*, 185 AD2d 768 [1st Dept 1992]). Concur—Mazzarelli, J.P., Sweeny, Andrias, Moskowitz and Richter, JJ.