In an action, inter alia, to recover upon a guaranty, the defendant Monika Hakimian, as executor of the estate of Mehran Hakimian, also known as Mike Mehran Hakimian, appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County (Feinman, J.), dated June 29, 2015, as, upon an order of the same court entered May 29, 2015, inter alia, granting that branch of the plaintiff’s motion which was for summary judgment on the cause of action to recover upon the guaranty, is in favor of the plaintiff and against her in the principal sum of $23,200.
 

 Ordered that the judgment is affirmed insofar as appealed from, with costs.
 

 In February 2006, the defendant Y.M. Intercontinental Gem Corp. (hereinafter Y.M.) entered into a “Commercial Revolving Credit Line Agreement” with the plaintiff’s predecessor. In addition, the decedent, Mehran Hakimian, as president of Y.M., executed a “Commercial Revolving Credit Line Note” (hereinafter the note) in favor of the plaintiff’s predecessor. The decedent also executed a personal guaranty of Y.M.’s obligations under the note. The decedent died on April 22, 2013. On March 19, 2014, the plaintiff sent a “Notice of Default and Acceleration” to “The Estate of Mr. Mehran Hakimian.” On April 22, 2014, Monika Hakimian obtained letters testamentary appointing her as fiduciary of the decedent’s estate.
 

 On September 15, 2014, the plaintiff commenced this action in the Supreme Court, Nassau County, against Y.M. and Monika Hakimian, as executor of the estate of Mehran Hakim-ian, also known as Mike Mehran Hakimian (hereinafter the estate). Thereafter, the plaintiff moved pursuant to CPLR 3215 for leave to enter a default judgment against Y.M. based upon its failure to appear in the action or answer the complaint, and for summary judgment on the second cause of action, which was to recover against the estate upon the guaranty. The estate opposed that branch of the motion which was for summary judgment on the second cause of action on the ground that summary judgment was premature inasmuch there had been no discovery. In an order entered May 29, 2015, the Supreme Court, inter alia, granted that branch of the plaintiff’s motion which was for summary judgment on the cause of action to recover upon the guaranty. A judgment dated June 29, 2015, was issued upon the order, inter alia, in favor of the plaintiff and against the estate in the principal sum of $23,200.
 

 “On a motion for summary judgment to enforce a written guaranty, all that the creditor need prove is an absolute and unconditional guaranty, the underlying debt, and the guarantor’s failure to perform under the guaranty” (H.L. Realty, LLC v Edwards, 131 AD3d 573, 574 [2015] [internal quotation marks omitted]; see United Rentals [N. Am.], Inc. v Iron Age Tool Corp., 150 AD3d 1304 [2017]). Here, in opposition to the plaintiffs prima facie showing of entitlement to judgment as a matter of law on its cause of action to recover upon the guaranty, the estate failed to raise a triable issue of fact. Further, the estate failed to demonstrate that summary judgment should have been denied because discovery remained outstanding. “A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant” (Cajas-Romero v Ward, 106 AD3d 850, 852 [2013]; see Unified Window Sys., Inc. v Endurance Am. Specialty Ins. Co., 149 AD3d 1009, 1011 [2017]). “The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion” (Lopez v WS Distrib., Inc., 34 AD3d 759, 760 [2006]; see Tone v Studin, 148 AD3d 1205, 1206 [2017]). Here, the estate failed to satisfy its burden of establishing that summary judgment was premature (see Singh v Avis Rent A Car Sys., Inc., 119 AD3d 768, 770 [2014]).
 

 The estate contends, for the first time on appeal, that, pursuant to SCPA 1810, the Supreme Court lacked jurisdiction over this action, inasmuch as the plaintiff failed to commence this action within 60 days after its claim was deemed rejected by the estate. SCPA 1810 states, inter alia, that “[njothing in this article shall prevent a claimant from commencing an action on his claim at law or in equity, provided that where a claim has been presented and rejected or deemed rejected pursuant to 1806 in whole or in part the action must be commenced within 60 days after such rejection.” If, after presenting a valid claim to the fiduciary of the estate pursuant to SCPA 1803, the claimant fails to commence an action in the Supreme Court within 60 days of the rejection of that claim, the claimant must proceed in the Surrogate’s Court (see Braloff v Greenberg, 284 App Div 1054, 1054-1055 [1954]; Estate of Malan, 238 NYLJ 45, 2007 NY Misc LEXIS 6510 [Sur Ct, Westchester County 2007]; 4-18 New York Civil Practice: SCPA ¶ 1810.01).
 

 Although the estate has raised the applicability of SCPA 1810 for the first time on appeal, it correctly contends that SCPA 1810 imposes a limitation on the jurisdiction of the Supreme Court (see Braloff v Greenberg, 284 App Div at 1054; Arkport State Bank v Nutter, 278 App Div 538, 542 [1951]; Matter of Barclay, 266 App Div 1059, 1060 [1943]; see also C. Raymond Radigan, Practice Insights, NY CLS, SCPA § 1810). A court’s lack of subject matter jurisdiction may not be waived, and may, in fact, be raised at any time (see Editorial Photocolor Archives v Granger Collection, 61 NY2d 517, 523 [1984]; Djoganopoulos v Polkes, 95 AD3d 933, 934 [2012]; Matter of Lorenzana v Arafiles, 297 AD2d 679, 680 [2002]). However, the plaintiff never presented a notice of claim to the fiduciary of the estate, as required by SCPA 1803 (2), as the “Notice of Default and Acceleration” was presented before a fiduciary had been appointed. Therefore, the 60-day limitation period of SCPA 1810 is inapplicable to this action (see U.S. Bank Natl. Assn. v Lax, 26 Misc 3d 1230[A], 2010 NY Slip Op 50326[U] [Sup Ct, Kings County 2010]; see also Diehl v Becker, 227 NY 318, 323 [1919]; 4-18 New York Civil Practice: SCPA ¶ 1810.01; cf. Schnabel v Huggins, 5 AD3d 583, 584 [2004]). Thus, contrary to the estate’s contention, the Supreme Court had jurisdiction over this action.
 

 Accordingly, the Supreme Court properly granted that branch of the plaintiff’s motion which was for summary judgment on the cause of action to recover upon the guaranty.
 

 Hall, J.P., Roman, Cohen and Barros, JJ., concur.