Vaccaro v Town of Islip (2020 NY Slip Op 01664)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Vaccaro v Town of Islip

2020 NY Slip Op 01664

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2017-04264
(Index No. 2119/15)

[*1]Anthony Vaccaro, respondent, 
vTown of Islip, et al., appellants, et al., defendant.

John R. DiCioccio, Town Attorney, Islip, NY (Richard Hoffman of counsel), for appellant Town of Islip.
Dennis M. Brown, County Attorney, Hauppauge, NY (Jacqueline Caputi and Lisa Azzato of counsel), for appellant County of Suffolk.
McLaughlin & Stern, LLP, Great Neck, NY (Andrew J. Luskin and Todd Harris Hesekiel of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiff is the owner of certain real property by adverse possession, the defendant Town of Islip appeals, and the defendant County of Suffolk separately appeals, from a judgment of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated February 1, 2017. The judgment, upon an order of the same court (Andrew G. Tarantino, J.) dated October 17, 2016, inter alia, granting the plaintiff's motion for summary judgment declaring that he is the owner of the subject property by adverse possession, declared that the plaintiff is the owner of the subject property by adverse possession.
ORDERED that the judgment is affirmed, with one bill of costs.
The subject property, tax lot 52 in Suffolk County, is located within the Town of Islip. It is bordered to the north by tax lot 62 and to the south by a bay. In April 1993, the plaintiff purchased both lots from a nonparty seller and obtained a deed purporting to convey both lots to him. However, at the time of the sale the County, not the nonparty seller, was the owner of lot 52, having acquired it in a tax foreclosure proceeding in April 1991. In December 2001, the County conveyed lot 52 to the Town in a deed restricting the Town's use of the property to "municipal purposes." The deed also stated that, in the event the Town used or attempted to use the property for other than municipal purposes, or attempted to sell or otherwise dispose of the property "without [it] being used thereafter for municipal purposes," title to the property would revert to the County.
In or around February 2015, the plaintiff commenced the instant action alleging, inter alia, that he acquired title to lot 52 by adverse possession. Subsequently, he moved for summary judgment on his adverse possession cause of action. The Town and the County separately opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against each of them. By order dated October 17, 2016, the Supreme Court granted the plaintiff's motion and denied the cross motions of the Town and the County. On February 1, 2017, the court issued a judgment declaring that the plaintiff is the owner of the property. The Town appeals, and the County separately appeals, from the judgment.
In 2008, the Legislature enacted changes to the adverse possession statutes (see L 2008, ch 269; Megalli v Yeager, 167 AD3d 860, 861). Here, since title allegedly vested in the plaintiff by adverse possession in 2003 or 2004 at the latest, the law in effect prior to the amendments is applicable (see Megalli v Yeager, 167 AD3d at 861; Sorbi v Fluger, 126 AD3d 880). Accordingly, the plaintiff was required to demonstrate, by clear and convincing evidence, that his possession was (1) hostile and under a claim of right, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the statutory period of 10 years, and that the subject parcel was "usually cultivated or improved" or "protected by a substantial inclosure" (Estate of Becker v Murtagh, 19 NY3d 75, 81 [internal quotation marks omitted]; see Megalli v Yeager, 167 AD3d at 861; Sorbi v Fluger, 126 AD3d at 880-881; see also RPAPL former 501, 522).
"All that is required [to establish hostile possession] is a showing that the possession constitutes an actual invasion of or infringement upon the owner's rights" (Hall v Sinclaire, 35 AD3d 660, 663 [internal quotation marks omitted]; see Kelly v Bastianic, 93 AD3d 691, 693). Moreover, "[a]n inference of hostile possession or a claim of right will be drawn [where, as here,] the other elements of adverse possession are established, unless, prior to the vesting of title, the party in possession has admitted that title belongs to another" (Midgley v Phillips, 143 AD3d 788, 790 [internal quotation marks omitted]).
Here, the plaintiff demonstrated his prima facie entitlement to judgment as a matter of law by submitting, inter alia, his affidavit establishing that his possession of lot 52 was actual, open and notorious, exclusive and continuous for the statutory period of 10 years, and that the property was usually cultivated or improved and protected by a substantial inclosure (see Estate of Becker v Murtagh, 19 NY3d at 83; Sorbi v Fluger, 126 AD3d at 881; Sprotte v Fahey, 95 AD3d 1103, 1104).
In opposition, neither the Town nor the County raised a triable issue of fact. Contrary to their contentions, that the County held title to the property from 1991 through 2001 pursuant to a tax deed and thereafter conveyed the property to the Town "for municipal purposes" does not defeat the plaintiff's adverse possession claim. "Although a municipality cannot lose title through adverse possession to property which it owns in its governmental capacity, or which has been made inalienable by statute, when a municipality holds real property in its proprietary capacity, there is no immunity against adverse possession" (Mazzei v Metropolitan Transp. Auth., 164 AD3d 1227, 1228 [citations omitted]; see Casini v Sea Gate Assn., 262 AD2d 593, 594). Here, although the County was presumed to hold the property for public use for three years after the tax lien foreclosure (see RPTL 406[5]; Eller Media Co. v Bruckner Outdoor Signs, 299 AD2d 166, 167; Casini v Sea Gate Assn., 262 AD2d at 595), the presumption expired in 1994. Although its conveyance to the Town in December 2001 was "for municipal purposes," and provided that title to the property would revert to the County in the event that the Town attempted to put the property to any other use or to sell it unfettered by such a restriction, there is no evidence in the record that the Town used the property for municipal purposes, or made any use of it at all. In the absence of any evidence that the Town dedicated the property to a public use or used the property for a public purpose, the deed restriction does not show that the property was not subject to adverse possession on the basis of governmental immunity following the December 2001 conveyance (see Casini v Sea Gate Assn., 262 AD2d at 595; City of Tonawanda v Ellicott Cr. Homeowners Assn., 86 AD2d 118, 125; Town of N. Hempstead v Bonner, 77 AD2d 567, 568; Long Is. Land Research Bur. Inc. v Town of Hempstead, 203 Misc 619, 626 [Sup Ct, Nassau County], affd 283 AD 663; cf. Litwin v Town of Huntington, 208 AD2d 905, 906).
Contrary to the further contentions of the Town and the County, any questions of fact relating to the plaintiff's knowledge of their ownership of lot 52 did not preclude his entitlement to summary judgment. In accordance with the pre-2008 law applicable to the plaintiff's claim, in the absence of an overt acknowledgment during the statutory period that another party owned the property, an alleged adverse possessor's actual or constructive knowledge that he or she is not the true owner of the property does not defeat his or her adverse possession claim (see Walling v Przybylo, 7 NY3d 228, 232-233; Midgley v Phillips, 143 AD3d at 790; Hogan v Kelly, 86 AD3d 590, 592; Hall v Sinclaire, 35 AD3d 660, 663).
The County failed to show that summary judgment was premature. "A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (VNB N.Y., LLC v Y.M. Intercontinental Gem Corp., 154 AD3d 903, 905 [internal quotation marks omitted]). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (id. at 905 [internal quotation marks omitted]). Here, the County failed to demonstrate that discovery might lead to relevant evidence.
The County's remaining contentions are improperly raised for the first time on appeal.
Accordingly, we agree with the Supreme Court's determination granting the plaintiff's motion for summary judgment on his adverse possession cause of action and denying the cross motions of the Town and County for summary judgment dismissing the complaint insofar as asserted against each of them.
MASTRO, J.P., DUFFY, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court