Santiago v City of New York (2021 NY Slip Op 00583)





Santiago v City of New York


2021 NY Slip Op 00583


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-11758
 (Index No. 505048/16)

[*1]Sonia Santiago, appellant, 
v
City of New York, et al., defendants, Welsbach Electric Corp., respondent.


Law Office of Stefano A. Filippazzo, P.C., Brooklyn, NY (Louis A. Badolato of counsel), for appellant.
London Fischer LLP, New York, NY (James Walsh of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated September 7, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendant Welsbach Electric Corp. which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly tripped and fell on a defect on a Brooklyn sidewalk. She commenced this action against, among others, the defendant Welsbach Electric Corp. (hereinafter Welsbach). Welsbach moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The plaintiff cross-moved to compel the defendants to respond to outstanding discovery demands and to compel Welsbach to appear for a deposition. The Supreme Court granted Welsbach's motion and adjourned the plaintiff's cross motion to a future date. The plaintiff appeals.
A contractor may be liable for an affirmative act of negligence which results in the creation of a dangerous condition upon a public street or sidewalk (see Brown v Welsbach Corp., 301 NY 202, 205; Madonia v City of New York, 164 AD3d 1320, 1323). Here, Welsbach demonstrated its prima facie entitlement to judgment as a matter of law by establishing that it had not performed any work in the area where the plaintiff fell during the two years preceding the plaintiff's alleged
accident (see Gueli v City of New York, 92 AD3d 840; Jones v City of New York, 45 AD3d 735, 735-736).
In opposition, the plaintiff merely speculated that Welsbach or another of the defendants must have created the allegedly dangerous condition, but she failed to submit any evidence that Welsbach created the condition, and otherwise failed to raise a triable issue of fact (see generally Schor v City of New York, 304 AD2d 550, 551).
Contrary to the plaintiff's contention, the deposition of Welsbach was not inadmissible as against her on the ground that she had no opportunity to cross-examine Welsbach (see CPLR 3117[a]; Rivera v New York City Tr. Auth., 54 AD3d 545, 547; Andrusziewicz v Atlas, 13 AD3d 325, 327). In a preliminary conference order dated February 27, 2017, the Supreme Court directed that the deposition of Welsbach was to be held on June 27, 2017, at a location to be [*2]determined. Subsequently, in an order dated November 21, 2017, the court directed that Welsbach's deposition would be held on February 12, 2018, at a specified location. In email exchanges on the business day prior to the deposition scheduled for February 12, 2018, the plaintiff's counsel indicated that the plaintiff was not ready to proceed with Welsbach's deposition. Welsbach's counsel indicated that Welsbach would proceed with the court-ordered deposition, which the parties had confirmed multiple times in the weeks prior. The plaintiff did not seek any relief from the court's November 21, 2017 order scheduling the deposition, and neither she nor her counsel appeared at Welsbach's deposition, which proceeded in her absence. Under these circumstances, the court properly determined that Welsbach's deposition testimony was admissible in support of that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.
The plaintiff also failed to demonstrate that Welsbach's motion for summary judgment was premature. "A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (VNB N.Y., LLC v Y.M. Intercontinental Gem Corp., 154 AD3d 903, 905 [internal quotation marks omitted]; see Vaccaro v Town of Islip, 181 AD3d 751, 754). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (VNB N.Y., LLC v Y.M. Intercontinental Gem Corp., 154 AD3d at 905 [internal quotation marks omitted]; see Vaccaro v Town of Islip, 181 AD3d at 754). Here, the plaintiff failed to demonstrate that discovery might lead to relevant evidence or the facts essential to justify opposition to the motion were exclusively within the knowledge and control of Welsbach.
Accordingly, the Supreme Court properly granted that branch of Welsbach's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
RIVERA, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court