Ramlochan v Hobbs (2021 NY Slip Op 21211)

Ramlochan v Hobbs

2021 NY Slip Op 21211 [72 Misc 3d 10]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 2d, 11th
and 13th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, October 6, 2021

[*1]

Subhagaie Ramlochan, Respondent,
v
Deighton Hobbs et al., Defendants, and Keyspan Energy Delivery N.Y.C., Appellant.

 Subhagaie Ramlochan, Respondent, v Deighton Hobbs et al., Defendants, and Power Concrete Co., Inc., Appellant.

Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts, July 30, 2021

APPEARANCES OF COUNSEL

Hammill, O'Brien, Croutier, Dempsey, Pender and Koehler, P.C. (Anton Piotroski of counsel) for Keyspan Energy Delivery N.Y.C., appellant in the first above-entitled action.
Law Office of Eric D. Feldman (Dominic Zafonte of counsel) for Power Concrete Co., Inc., appellant in the second above-entitled action.
C. Robinson & Associates, LLC (W. Charles Robinson of counsel) for respondent in the first and second above-entitled actions.

{**72 Misc 3d at 11} OPINION OF THE COURT

Memorandum.

Ordered that, on the court's own motion, the appeals are consolidated for purposes of disposition; and it is further ordered that the order, insofar as appealed from, is reversed,{**72 Misc 3d at 12} without costs, and the respective motions by The Brooklyn Union Gas Company and Power Concrete Co., Inc. for [*2]summary judgment dismissing so much of the complaint as was asserted against them are granted.
In this action, plaintiff seeks to recover for personal injuries she allegedly sustained on January 8, 2010, as the result of falling on an uneven sidewalk at a crosswalk in front of 89-01 148th Street, Queens, New York.
After some discovery, defendants Heavy Construction Co., Inc. (Heavy) and J. Pizzirusso Landscaping Corp. (Pizzirusso) moved for summary judgment dismissing so much of the complaint as was asserted against them. While plaintiff's appeal from an order which granted Heavy's and Pizzirusso's motions was pending, defendants The Brooklyn Union Gas Company doing business as National Grid NY (incorrectly sued herein as Keyspan Energy Delivery N.Y.C.) (Keyspan) and Power Concrete Co., Inc. (Power) moved separately for summary judgment dismissing so much of the complaint as was asserted against them. Before their motions were decided, this court reversed the Civil Court's order dismissing the action against Heavy and Pizzirusso and denied their respective motions, upon a finding that, even though defendants Heavy and Pizzirusso had submitted evidence that they had not performed any work in the area where plaintiff's accident had occurred, the fact that they had each been issued permits to "open" the sidewalk in that area was sufficient to raise a triable issue of fact as to whether they had performed work at the subject location and were liable for plaintiff's injuries (Ramlochan v Hobbs, 64 Misc 3d 131[A], 2019 NY Slip Op 51044[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019] [Hobbs]). Citing Hobbs, the Civil Court denied Keyspan's and Power's motions because they, too, had each been granted permits to open the sidewalk in "the area" of plaintiff's accident. Keyspan and Power separately appeal from so much of the court's order as denied their respective motions.
In support of its motion for summary judgment, Keyspan submitted the affidavit of Walter Stone, who stated that, based on his review of Keyspan's records, including permits, job control reports and paving orders for the two-year period prior to plaintiff's accident, Keyspan had not performed any work at or around the accident site during that time. Although a permit had issued to Keyspan in 2009 to open the roadway approximately two blocks from the accident site to "repair gas," {**72 Misc 3d at 13}an inspection report stated that no work had been done and the permit had expired.
In support of its motion, Power submitted, among other things, the deposition transcript of Fulu Bhowmick, who testified on behalf of defendant City of New York (City), and documents produced by defendant City. Those documents demonstrated that, although a permit had issued to Power to build handicap-accessible sidewalk ramps in the two-year period prior to plaintiff's accident, which permit was for an area that encompassed the accident site, and Power had entered into a contract with defendant City to build such ramps, Power had not performed any work at the accident site. Power also submitted the affidavit of senior project manager Nigel Singh, who asserted that, based on his personal knowledge of Power's work on the contract for the construction of handicap-accessible pedestrian ramps for an area which encompassed the accident site, as well as his review of Power's business records, including its daily logs for the period of time when Power had worked on that contract, Power had not performed any work at the accident site for the two years that preceded plaintiff's accident. Singh annexed pages which [*3]he described as daily logs for the period of time when Power performed work on the contract to construct handicap-accessible sidewalk ramps. The logs all referenced work addresses other than the accident site. An inspection report defendant City produced and a report of defendant City's Department of Design and Construction both stated that Power had not performed any work pursuant to its contract with defendant City or its street-opening permit.
Both defendants established their respective prima facie entitlement to judgment as a matter of law by demonstrating that they had not performed any work in the area where plaintiff fell for the two years preceding the accident (see Santiago v City of New York, 191 AD3d 715, 716 [2021]; Jones v City of New York, 45 AD3d 735, 735 [2007]). We do not adhere to this court's holding in Hobbs that the mere existence of a permit to " 'open' the sidewalk in the area of the accident" is "sufficient to raise a triable issue of fact as to whether [defendants] had performed work at the subject location and were liable for plaintiff's injuries" (64 Misc 3d 131[A], 2019 NY Slip Op 51044[U], *2). Under the circumstances presented, neither the permit that had issued to Keyspan nor the permit that issued to Power was sufficient to raise a triable issue of fact as to whether either defendant had created a hazardous condition{**72 Misc 3d at 14} at the accident site (see Burton v City of New York, 153 AD3d 487, 488 [2017]; see also Cruz v Keyspan, 120 AD3d 1290 [2014]). Plaintiff otherwise failed to produce evidentiary proof in admissible form sufficient to establish the existence of a material issue of fact in opposition to each defendant's motion requiring a trial of the action as against either defendant (see Stonehill Capital Mgt. LLC v Bank of the W., 28 NY3d 439, 448 [2016]; Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Finally, plaintiff's contention that Keyspan's motion was premature (see generally CPLR 3212 [f]) is without merit, as plaintiff failed to explain how further discovery might lead to relevant evidence or that facts essential to plaintiff's opposition to the motion were exclusively within Keyspan's knowledge and control (see Arena v City of New York, 192 AD3d 737 [2021]; Winzelberg v 1319 50th St. Realty Corp., 114 AD3d 674 [2014]; Cajas-Romero v Ward, 106 AD3d 850, 852 [2013]).
Accordingly, the order, insofar as appealed from, is reversed and the respective motions by Keyspan and Power for summary judgment dismissing so much of the complaint as was asserted against them are granted.
Weston, J.P., Toussaint and Golia, JJ., concur.