Lau v New York City Tr. Auth. (2022 NY Slip Op 00127)





Lau v New York City Tr. Auth.


2022 NY Slip Op 00127


Decided on January 11, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2022

Before: Gische, J.P., Kern, Friedman, Oing, Singh, JJ. 


Index No. 156116/15 Appeal No. 15044 Case No. 2021-02965 

[*1]Henry Lau, Plaintiff-Appellant,
v
New York City Transit Authority, Defendant-Respondent.


Roth & Roth LLP, New York (Elliot Shields of counsel), for appellant.
Anna J. Ervolina, Brooklyn (Timothy J. O'Shaughnessy of counsel), for respondent.



Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered January 19, 2021, which denied plaintiff's motion to compel defendant to produce unredacted documents relating to incidents in which a subway door closed on a passenger in the 10 years preceding plaintiff's accident and ordered defendant to produce all unredacted notices of claim arising from incidents in the two years preceding plaintiff's accident in which "the specific subway train car door at issue herein closed on a passenger attempting to board said car at the Brooklyn-bound L train platform at the Union Square subway station," unanimously modified, on the facts, to delete the language restricting disclosure to the "specific subway train car door at issue herein" and to "the Brooklyn-bound L train platform at the Union Square subway station," and otherwise affirmed, without costs.
The order to disclose information relating solely to accidents that involved the specific subway train car at issue and that occurred on the platform where plaintiff's accident occurred is unduly restrictive. Information about prior incidents in which a passenger was injured when a subway door closed on him or her anywhere in the New York City subway system may be material and necessary to defendant's notice of the alleged dangerous condition and its duties and obligations to plaintiff (see generally Z.D. v MP Mgt., LLC, 150 AD3d 550, 551 [1st Dept 2017]). Even if unredacted documents relating to prior similar incidents elsewhere in the subway system are found to be inadmissible at trial, that is not the test for disclosure under CPLR 3101(a) (see Matter of Steam Pipe Explosion at 41st St. & Lexington Ave., 127 AD3d 554, 555 [1st Dept 2015], affd 27 NY3d 985 [2016]).
We find that the court providently exercised its discretion in limiting the timeframe for prior similar incidents to the two years preceding plaintiff's accident. We note that the spreadsheet of information provided by defendant in response to plaintiff's discovery demand, as reproduced in the record, does not cover the relevant period. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2022