Lis v Lancaster (2022 NY Slip Op 06435)

Lis v Lancaster

2022 NY Slip Op 06435

Decided on November 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 15, 2022

Before: Gische, J.P., Kapnick, Kern, Gesmer, Higgitt, JJ. 

Index No. 650855/19 Appeal No. 16648 Case No. 2022-01450 

[*1]Andrew Lis, Plaintiff-Appellant,
v
Jason Lancaster et al., Defendants-Respondents. Debbie Lancaster et al., Defendants.
Jason Lancaster et al., Third-Party Plaintiffs-Respondents,
v
Environmental Supply Chain Alternative Planning Experts LLC, Formally Known as JAL Environmental Services Programs LLC, Third-Party Defendant-Appellant.

Pavia & Harcourt LLP, New York (Ihsan Dogramaci of counsel), for appellants.
White and Williams LLP, New York (Nicole A. Sullivan of counsel), for respondents.

Order, Supreme Court, New York County (Melissa Crane, J.), entered on or about March 18, 2022, which, to the extent appealed from, denied plaintiff's motion to reject the Referee's report insofar as it recommended limiting the scope of questioning for the reopened deposition of defendant Jason Lancaster, and granted the motion of Lancaster and defendants JAL Environmental Supply Chain Alternative Planning Experts LLC f/k/a JAL Environmental Services Programs Inc. and Gulf Premier Logistics LLC to confirm the report in its entirety, unanimously affirmed, without costs.
The court providently adopted the recommendations of the Special Referee to reopen Lancaster's deposition and to limit questioning to the discrepancy between Lancaster's initial deposition testimony that there had been a draft partnership agreement and defendants' disclosure of employment agreements and cryptocurrency records indicating that Lancaster had purchased Bitcoin through the Coinbase exchange (see Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845 [2008]). Under the circumstances of this case, the court providently exercised its discretion in setting reasonable terms and conditions on disclosure, consistent with the Commercial Division rules (see Merkos L'Inyonei Chinuch, Inc. v Sharf, 59 AD3d 408, 410 [2d Dept 2009]; Matter of DataSafe Inc. v American Express, 2 AD3d 224, 225 [1st Dept 2003]). Plaintiff failed to provide a basis for a wide-ranging inquiry into defendants' document retention practices or for inquiry concerning certain documents disclosed subsequent to Lancaster's first deposition (see McKay v Khabele, 46 AD3d 258 [1st Dept 2007]).
The court also providently adopted the Referee's recommendation that plaintiff's motion to compel defendants to provide a Jackson affidavit be denied. Defendants have not alleged that requested documents are missing or otherwise unavailable (see e.g. Robinson v Highbridge House Ogden, LLC, 124 AD3d 472, 473 [1st Dept 2015]; Henderson-Jones v City of New York, 87 AD3d 498, 505 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 15, 2022