Collado v City of New York (2023 NY Slip Op 00075)

Collado v City of New York

2023 NY Slip Op 00075

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.

2020-00677 
2020-00678
 (Index No. 711460/16)

[*1]Leida Collado, appellant, 
v
City of New York, defendant, Keyspan Corporation, et al., respondents.

David Zevin, Roslyn, NY, for appellant.
Hamill, O'Brien, Croutier, Dempsey, Pender & Koehler, P.C., Syosset, NY (Anton Piotroski of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Ernest Hart, J.), dated February 11, 2019, and (2) an order of the same court (Joseph J. Esposito, J.), dated November 15, 2019. The order dated February 11, 2019, insofar as appealed from, denied that branch of the plaintiff's motion which was to compel the defendant Brooklyn Union Gas Company to provide copies of road work records for the area of the subject accident for the five-year period preceding the accident. The order dated November 15, 2019, insofar as appealed from, granted that branch of the motion of the defendants Keyspan Corporation and Brooklyn Union Gas Company which was for summary judgment dismissing the complaint insofar as asserted against the defendant Brooklyn Union Gas Company.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
On July 5, 2015, the plaintiff allegedly was injured when she tripped and fell on a depression in a street in Queens. In July 2016, the plaintiff commenced this action to recover damages for personal injuries against, among others, the defendant Brooklyn Union Gas Company (hereinafter the defendant), alleging, inter alia, that the defendant's negligence in performing construction work caused the accident. In June 2018, the plaintiff served discovery demands seeking, among other things, copies of all records concerning road work performed on the roadway in the area where the accident occurred for a four-year period preceding the accident from July 5, 2011, to July 5, 2015. In response, the defendant indicated that it was not in possession of any work
records for the subject roadway for a two-year period preceding the accident. In January 2019, the plaintiff moved, inter alia, to compel the defendant to provide copies of work records for the subject roadway for a five-year period preceding the accident. In response, the defendant averred that an additional record search had been performed for the four-year period preceding the accident from July 5, 2011, to July 5, 2015, which revealed that no work had been performed by it in the area of the accident site during that period. In an order dated February 11, 2019, the Supreme Court, among other things, denied that branch of the plaintiff's motion which was to compel the defendant to provide road work records for the five-year period preceding the accident.
After the filing of the note of issue, the defendant and Keyspan Corporation (hereinafter Keyspan) moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated November 15, 2019, the Supreme Court, inter alia, granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant. The plaintiff appeals from the order dated February 11, 2019, and the order [*2]dated November 15, 2019.
Parties are entitled to "full disclosure of all matter material and necessary in the prosecution or defense of an action" (CPLR 3101[a]; see Andrade v Frog Hollow Indus., Inc., 206 AD3d 960). "While CPLR 3101(a) provides for full disclosure of all evidence material and necessary to the prosecution or defense of an action, unlimited disclosure is not required, and supervision of disclosure is generally left to the trial court's broad discretion" (Palermo Mason Constr. v Aark Holding Corp., 300 AD2d 460, 461 [internal quotation marks omitted]). Here, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was to compel the defendant to provide copies of road work records for the area of the subject accident for the five-year period preceding the accident (see Lau v New York City Tr. Auth., 201 AD3d 470; Robinson v Highbridge House Ogden, LLC, 124 AD3d 472; Cabellero v City of New York, 48 AD3d 727; Miller v Kings Highway Hosp., 225 AD2d 532).
Furthermore, the Supreme Court properly granted that branch of the motion of the defendant and Keyspan which was for summary judgment dismissing the complaint insofar as asserted against the defendant. A private entity or contractor may be liable for an affirmative act of negligence which results in the creation of a dangerous condition upon a public street or sidewalk (see Santiago v City of New York, 191 AD3d 715). Here, the defendant demonstrated its prima facie entitlement to judgment as a matter of law by establishing that it had not performed any work in the area where the plaintiff fell during the four-year period preceding the accident (see Santiago v City of New York, 191 AD3d at 715; Igneri v Triumph Constr. Corp., 166 AD3d 737; Jones v City of New York, 45 AD3d 735). In opposition, the plaintiff failed to raise a triable issue of fact. The "mere hope that some evidence might be uncovered during further discovery is insufficient to deny summary judgment" (Shah v MTA Bus Co., 201 AD3d 833, 833 [internal quotation marks omitted]).
The plaintiff's remaining contentions are without merit.
DUFFY, J.P., CHAMBERS, MALTESE and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court