Pollack v New York City Tr. Auth. (2024 NY Slip Op 06312)

Pollack v New York City Tr. Auth.

2024 NY Slip Op 06312

Decided on December 17, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 17, 2024

Before: Manzanet-Daniels, J.P., Webber, Moulton, Rodriguez, Rosado, JJ. 

Index No. 155263/16, 157780/12 Appeal No. 3264-3265 Case No. 2023-03290, 2023-04413 

[*1]Renee Pollack, Plaintiff-Respondent,
v
New York City Transit Authority et al., Defendants-Appellants.

Michelle Morang, Plaintiff-Respondent,
v
The New York City Transit Authority, Defendant-Appellant.

Landman Corsi Ballaine & Ford P.C., New York (Andrew P. Keaveney of counsel), for appellants.
Roth & Roth, LLP, New York (Elliot Shields of counsel), for respondents.

Order, Supreme Court, New York County (Adam Silvera, J.), entered on or about June 6, 2023 (Case No. 2023-03290) which, to the extent appealed from as limited by the briefs, granted so much of plaintiff Renee Pollack's motion to compel defendants to exchange, in effect, all documents and things responsive to demands 18, 19, 20, and 31 in her supplemental combined demands under penalty of preclusion from denying at trial that certain other accidents are not substantially similar to plaintiff's accident at issue in this case, unanimously affirmed, without costs.
Order, same court and Justice, entered August 4, 2023 (Case No. 2023-04413), which, to the extent appealed from as limited by the briefs, granted those branches of plaintiff Michelle Morang's motion to compel defendant (1) to permit her counsel and expert's entry into defendant's video surveillance facilities for the purpose of inspecting them to the extent of directing defendant to arrange for a site inspection with plaintiff's counsel to take place within 90 days, and (2) to respond to, and to comply with, certain demands for discovery and inspection of documents to the extent of directing plaintiff to serve a supplemental discovery demand detailing all outstanding discovery within 30 days and directing defendant to respond thereto within 45 days thereafter, under penalty of preclusion from denying at trial that certain other accidents are not substantially similar to plaintiff's accident at issue in this case, unanimously modified, on the law, and in the exercise of discretion, to deny that branch of plaintiff's motion to compel defendant to permit her counsel and expert's entry into defendant's video surveillance facilities for the purpose of inspecting them, to vacate the directive that plaintiff serve a supplemental discovery demand detailing all outstanding discovery within 30 days, and to remit the matter for specification of the discovery demands to which defendant must exchange all responsive documents and things under penalty of preclusion, and otherwise affirmed, without costs.
These personal injury actions arise from trip-and-fall accidents involving gaps between subway platforms and trains.
Regarding plaintiff Pollack, Supreme Court providently exercised its discretion in ordering defendants to disclose prior gap-related accidents throughout the subway system (see Daniels v New York City Tr. Auth., 35 NY3d 938, 939 [2020]; Lau v New York City Tr. Auth., 201 AD3d 470, 471 [1st Dept 2022]; Chacon v New York City Tr. Auth., 231AD3d 1008 [2d Dept 2024]). The court also providently exercised its discretion both in finding that, under the circumstances of this case, defendants failed to fulfill their discovery obligations and in directing them to exchange all documents and things responsive to the specified outstanding discovery demands under penalty of preclusion. "It is not the function of this Court to micromanage discovery proceedings in the trial parts, particularly where, as [*2]here, the remedy for nondisclosure is entrusted to the discretion of the motion court (CPLR 3216) and the order issued was well within the province of the court's discretion" (Gogos v Modell's Sporting Goods, Inc., 87 AD3d 248, 255 [1st Dept 2011]).
However, with respect to plaintiff Morang, Supreme Court improvidently exercised its discretion in ordering defendant to arrange for a site inspection of its video surveillance facilities. Based on the affidavit of its superintendent in the Electronic Maintenance Division/Radio and Security System division for the area of responsibility that includes the location of Morang's accident, defendant has conceded that it is possible for its surveillance system to have captured her accident, but that it is impossible to know for sure without the footage itself, which was destroyed 30 days after her accident and years before she demanded it in this action. Accordingly, there is no other "matter material and necessary [to her] prosecution . . . of [this] action" (CPLR 3101[a]) that she could hope to gain from a site inspection of defendant's video surveillance facilities.
Plaintiff Morang's reliance on Gogos is misplaced. The defendant in that case spoliated the relevant surveillance footage after being put on notice by the plaintiff and ordered by the court to preserve and produce it, and we affirmed the discovery court's direction that an adverse inference charge be given at trial based on the defendant's spoliation. We did not address whether the circumstances there presented warranted a site inspection, as plaintiff Morang seeks in this case.
Regarding outstanding documentary discovery in plaintiff Morang's case, Supreme Court providently exercised its discretion both in finding that, under the circumstances of this case, defendant failed to fulfill its discovery obligations and in directing it to exchange all documents and things responsive to plaintiff's outstanding discovery demands under penalty of preclusion. However, the task of identifying those outstanding discovery demands to which defendant must respond, and those which are no longer relevant after the court precluded defendant from asserting a qualified governmental immunity defense, was delegated improvidently to plaintiff Morang. Instead, Supreme Court should specify the outstanding discovery demands to which defendant must respond. Accordingly, we do not reach the parties' arguments concerning the scope or breadth of certain of plaintiff's discovery demands.
We have considered the remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 17, 2024